

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2004

# Doe v. Bellefonte Area Sch

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4210

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Doe v. Bellefonte Area Sch" (2004). *2004 Decisions.* Paper 417.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/417

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4210
_____

JOHN DOE, a minor, by and through his
parents and natural guardians, Mary and Robert Doe,

Appellant

v.

BELLEFONTE AREA SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cv-01463)
District Judge:  Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2004

Before:  RENDELL, BARRY and FISHER, *Circuit Judges.*

(Filed:   August 4, 2004)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Because the parties are familiar with the factual and procedural background of this

case, we comment only regarding those facts that are pertinent to our disposition of this

appeal. John Doe ("Doe") and his parents filed suit against the Bellefonte Area School District ("the School District") asserting a claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. Doe appeals the grant of summary judgment in favor of the School District asserting that the district court erred in concluding that no reasonable fact-finder could find that the School District was deliberately indifferent to the three (3) years of peer sexual harassment Doe encountered on account of his effeminate characteristics. Because we agree with the District Court that Doe failed to adduce evidence to create a germane *issue* as to whether the actions taken by the School District in response to the allegations were clearly unreasonable and therefore that the School District could not have been found deliberately indifferent, we will affirm.

Doe contends that contrary to the district court's holding, the School District's method of dealing with specific, identified perpetrators was not 100% effective in stemming the harassment. He suggests that the School District should have treated the pattern of harassment as a systemic problem, and that its failure to do so met the deliberate indifference standard. He concludes that the School District's response was clearly unreasonable in light of the known circumstance that the harassment continued – namely, each subsequent incident involved a student other than the student that had been disciplined in any of the prior incidents of harassment directed at Doe.

*Davis v. Monroe County Board of Education,* 526 U.S. 629, 633 (1999) established a private right of action for student-on-student sexual harassment against

2

school districts under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. § 1681. But the private right of action only lies where the school district is deliberately indifferent to known acts of sexual harassment and the harasser is under the school's disciplinary authority. *Id.* at 633. Where a school district does not engage in sexual harassment directly, it may not be liable for damages unless its deliberate indifference makes a student vulnerable to or causes them to undergo harassment. *Id.* at 644-45.[1] Deliberate indifference to acts of peer sexual harassment arises only where the school district's response or lack of response to the harassment is clearly unreasonable in light of the known circumstances. *Id.* at 648.

The relevant inquiry for purposes of evaluating whether the School District here was deliberately indifferent to known circumstances of harassment is to review its response to reported incidents of harassment. Each and every time Doe complained, the School District responded with reasonable actions which eliminated further harassment between Doe and the student(s) involved in each incident. Students were suspended and others were given warnings and counseled regarding the seriousness of harassment. In addition, the School District circulated memoranda to faculty and staff putting them on notice of the reported harassment of Doe and requesting assistance to prevent further

---

[1]The sexual harassment complained of also must be so severe, pervasive, and objectively offensive that it effectively bars the victim access to an educational opportunity or benefit. *Id.* at 651. The district court's holding that the harassment alleged by Doe met this standard need not be addressed given our affirmance of the holding that the School District was not deliberately indifferent.

incidents. Doe was provided with a special means of reporting any additional harassment through the school psychologist, whom he knew personally. The School District also held assemblies and enacted policies addressing peer-to-peer harassment. Such actions are not clearly unreasonable.

Nor was the School District deliberately indifferent because it did not undertake the specific remedial action that Doe desired given what he perceived to be the "systemic nature of the harassment." *Davis* does not require school districts to purge their schools of actionable peer harassment or to engage in particular disciplinary action. *Id*. at 648. We will refrain from second-guessing the disciplinary decisions made by the School District which effectively eliminated each reported source of harassment. We do not minimize the unfortunate verbal abuse that Doe was subjected to during his high school years, but the School District was not deliberately indifferent because additional harassment occurred under new and different circumstances. We will affirm the judgment of the district court.